# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ANTHONY REYES, on behalf of himself and all others similarly situated, | CV 23-00094 TJH (SHKx) |
| Plaintiff, | |
| v. | Order |
| XPO LOGISTICS, INC., *et al.*, | |
| Defendants. | |

The Court has considered Plaintiff Anthony Reyes's motion to remand [dkt. # 29], together with the moving and opposing papers.

On October 17, 2023, Reyes filed this putative class action in San Bernardino County Superior Court on behalf of all non-exempt employees who were employed by Defendants XPO Logistics, Inc., XPO Logistics Freight, Inc., GXO Logistics, Inc., and GXO Logistics Supply Chain, Inc. [collectively, "the XPO Defendants"] beginning four years prior to the filing of the Complaint.

The following facts are as alleged in the Complaint.

From September, 2020, to December, 2021, Reyes was a non-exempt employee

of the XPO Defendants.  During the class period, the XPO Defendants, allegedly, violated various provisions of California's Labor Code, including failing to provide required rest and meal breaks; failing to pay minimum and overtime wages; failing to reimburse for necessary work expenditures; and failing to provide itemized wage statements.

Reyes alleged seven claims:  (1) Failure to provide meal breaks, in violation of Cal. Lab. Code §§ 226.7 and 512; (2) Failure to provide rest breaks, in violation of Cal. Lab. Code § 226.7; (3)  Failure to pay minimum wages and overtime, in violation of Cal. Lab. Code §§ 204, 510, and 1194; (4) Failure to reimburse for expenses, in violation of Cal. Lab. Code § 2802; (5)Failure to provide accurate wage statements, in violation of Cal. Lab. Code §§ 226 and 1174; (6) Failure to pay wages due upon termination, in violation of in violation of Cal. Lab. Code §§ 201, 202, and 203; and (7) Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.

On January 18, 2023, the XPO Defendants removed, pursuant to the Class Action Fairness Act ["CAFA"], 28 U.S.C. § 1332(d).  The XPO Defendants asserted in their notice of removal that, *inter alia*, the proposed class consists of approximately 5,279 members, and that the amount in controversy was at least $15,985,887.00, based on their own damage calculations for waiting time penalties and attorneys' fees. A class action is removable under CAFA where, *inter alia*, the putative class consists of at least 100 members and the amount in controversy exceeds $5,000,000.00 for all claims.  *See* 28 U.S.C. § 1332(d).

Reyes, now, moves to remand.

Reyes argued, here, that the XPO Defendants' asserted amount in controversy in their notice of removal was incorrect because on July 12, 2023, about six months after this case was removed, two related cases – *Quijano v. GXO Logistics Supply Chain, Inc.*, CV 22-01250 TJH, and *Carlos v. GXO Logistics Supply Chain, Inc.*, CV 22-00418 TJH – settled for $3,000,000.00.

The amount in controversy for removed cases is determined as of the date of removal. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). Later developments cannot be used to defeat jurisdiction. *See Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 868 (9th Cir. 2013).

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion to remand be, and hereby is, 𝔇𝔢𝔫𝔦𝔢𝔡.

Date: June 27, 2025

_____
Terry J. Hatter, Jr.
Senior United States District Judge